### Nicholas Gardner *vs.* Thomas Corey & another.

A mortgage of real estate was conditioned that "the mortgagor pay to the mortgagee the sum of $200 on the first day of April next, and annually on the first day of April the interest then due, after deducting what sums the mortgagor may have paid upon the sum of $2000, which sum he has agreed to pay for" the land; and stipulated that "in case of any disappointment happening whereby the mortgagor cannot perform according to the above agreement, and is under the necessity of surrendering up the possession to the mortgagee, then the mortgagee agrees to pay back to the mortgagor whatever sums of money have been paid," deducting rents and interest. *Held*, that the mortgagor was obliged to pay $2000; $200 on the first of April next, and the remaining $1800 within a reasonable time, with interest annually; and that after that time had elapsed, without any offer of the mortgagor to surrender the premises, or any proof of his inability to pay, the mortgagee was entitled to conditional judgment for the whole amount unpaid.

WRIT OF ENTRY to foreclose a mortgage of land in Hancock, dated November 5th 1840, the consideration named in which

was two thousand dollars, and the condition was as follows : " If the said Thomas Corey, his heirs, executors or administrators doth pay or cause to be paid to the above named Nicholas Gardner, his heirs, the sum of two hundred dollars on the first day of April next, and annually to pay the said Nicholas on the first day of April the lawful interest that there may be due on that day, after deducting the interest on what sums the said Thomas Corey may have paid upon the sum of two thousand dollars, which sum the said Thomas has agreed to pay for the above described lot, then the above deed is to be null and void ; otherwise, to remain in full force and virtue. Now it is the agreement of the parties that in case of any disappointments happening, whereby the said Thomas Corey cannot perform according to the above agreement and is under the necessity of surrendering up the possession to the said Nicholas, then the said Nicholas and his heirs agree to pay back to the said Thomas whatever sums of money have been paid, after deducting out the rents that may be due at that time, with the interest on the balance ; and the said Thomas Corey is to leave the farm and fences in as good repair as they are now in, or to pay the said Nicholas the damage, to be reserved out of what money the said Thomas may have paid over and above the annual rents or interest."

The parties submitted the case to the decision of the court upon the following facts : The defendants paid $200 on the 1st of April 1841, and from that time until 1856 paid annually, though not always on the 1st of April, more than the interest on $1800. A reasonable time for payment of the $2000 had elapsed before bringing this action.

The plaintiff contended that the principal sum intended to be secured by mortgage was due, and that conditional judgment should be entered for the whole sum now due.

The defendant contended that by the terms of the mortgage the principal sum was to be paid at his option, and that if any judgment could be rendered, it must only be for the interest upon the unpaid balance of the principal; but that no judgment could be rendered, because by the condition of the mortgage, if

the mortgagee should take possession, he must repay the sum paid by the mortgagor, deducting interest.

*J. D. Colt*, for the plaintiff.

*M. Wilcox*, for the defendant.

METCALF, J. The condition of this mortgage is such, that we have found some difficulty in deciding upon its legal construction. After full consideration, we have come to the conclusion that the construction, for which the defendant's counsel has ingeniously contended, cannot be supported. It is our opinion that the legal effect of this condition is, that the defendant should pay to the plaintiff two thousand dollars; that two hundred dollars should be paid on the 1st of April 1841, and the remaining eighteen hundred at a time or times not then agreed on or determined, with yearly interest on so much of that sum as should not be paid. No time being fixed by the parties for paying the eighteen hundred dollars, the law prescribes a reasonable time.. That time, as the parties agree, had elapsed before this action was brought. The plaintiff is therefore entitled to the conditional judgment provided by the Rev. Sts. *c.* 107, § 5, unless he is precluded by that part of the condition which provides for a surrender of the mortgaged premises to him by the defendant. As to that part of the condition, we incline to the opinion that it can legally be applied only to a voluntary surrender of the mortgaged premises by the defendant. However this may be, the condition clearly is, that such surrender, and its stipulated effects, were to be the consequences of some disappointment of the defendant, whereby he should be unable to make payment as he had engaged to do, and should for that cause be under the necessity of surrendering up the possession to the plaintiff. No such disappointment, inability or necessity appears in the case.

*Conditional judgment to be entered.*